IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK QURESHI,<br><br>    Petitioner,<br><br>    v.<br><br>AUTORETURN COMMERCIAL SOLUTIONS, LLC,<br><br>    Respondant. | Case No. 17-cv-06901-MMC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING PETITION FOR WRIT OF MANDAMUS**<br><br>Re: Dkt. Nos. 1, 4 |

Before the Court is petitioner Rick Qureshi's ("Qureshi") (1) "Application to Proceed In Forma Pauperis" ("Application"), filed December 4, 2017, and (2) "Verified Petition for Writ of Mandamus [and] Emergency Relief to Stay Sale of Vehicle Due to Denial of Substantive Due Process" ("Petition"), filed December 4, 2017, by which Qureshi seeks an order enjoining a sale by respondent Autoreturn Commercial Solutions, LLC ("Autoreturn"), a "contracted towing company for the San Francisco Police Department and San Francisco Municipal Transportation Authority." (See Petition at 1:19-20.)[1] The Court, having read and considered both the Application and Petition, rules as follows.

First, having read and considered the Application, the Court finds good cause has been shown, and hereby GRANTS the Application.

The Court next turns to the Petition, and, at the outset, Qureshi's request for emergency relief, which the Court construes as a request for a temporary restraining

---

[1] The sale is scheduled to be conducted on December 6, 2017. The matter was reassigned to the undersigned on today's date.

order ("TRO").

A plaintiff seeking a temporary restraining order or preliminary injunction must establish: "(1) that he is likely to succeed on the merits[;] (2) that he is likely to suffer irreparable harm in the absence of preliminary relief[;] (3) that the balance of equities tips in his favor[;] and (4) that an injunction is in the public interest." See Hernandez v. Sessions, 872 F.3d 976, 989–90 (9th Cir. 2017) (internal quotations and citation omitted). Alternatively, a plaintiff may show "serious questions going to the merits" and "a balance of hardships that tips sharply towards the plaintiff," provided "the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011); see also Koller v. Brown, 224 F. Supp. 3d 871, 875 (N.D. Cal. Dec. 16, 2016) (holding "[t]he standard for issuing a TRO is the same as that for the issuance of [a] preliminary injunction") (citing New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977)). As set forth below, the Court finds Qureshi has failed to show he is entitled to such relief.

First, Qureshi has not shown he is likely to succeed on the merits of his petition for a writ of mandamus, nor has he raised serious questions going to the merits of such petition. "[D]istrict courts . . . have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." See 28 U.S.C. § 1361. Qureshi, however, does not seek to compel performance by a federal officer, employee, or agency. Rather, Qureshi seeks to compel performance by a private business entity acting either on behalf of itself or a local municipality. Second, Qureshi has failed to show he will suffer irreparable harm as a result of the sale of his vehicle. See Idaho v. Coeur d'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (holding "[p]urely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation").

In light of the above, the Court does not proceed to the third and fourth elements, as, even if Qureshi were able to make an adequate showing with regard to those

2

elements, such showing would be unavailing. See All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (holding plaintiff must "make a showing on all four prongs" of test for injunctive relief).

Accordingly, Qureshi's request for emergency relief is hereby DENIED.[2]

The Court next turns to the requested writ of mandamus. Where, as here, a party proceeds in forma pauperis, the Court "shall dismiss the case" if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B). As set forth above, Qureshi is not entitled to a writ of mandamus as he cannot state as against a private entity or municipality a claim for such relief.

Accordingly, the Petition is hereby DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B), and the Court will afford Qureshi leave to amend to plead, if he can do so, a viable claim. If Qureshi chooses to amend, his amended pleading must be filed no later than December 19, 2017.

**IT IS SO ORDERED.**

Dated: December 4, 2017

MAXINE M. CHESNEY
United States District Judge

---

[2] The Court notes Qureshi has not stated that he notified Autoreturn of his request for emergency relief, nor has he made any showing as to why such notice should not be required. See Fed. R. Civ. Proc. 65(b)(1)(B) (providing court may issue temporary restraining order without notice to adverse party or its attorney only if movant "certifies in writing any efforts made to give notice and the reasons why it should not be required"). Accordingly, Qureshi's request is DENIED on this additional ground as well.

3